UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
——————————————————————X

JOSEPH H. CHRISTOPHE,

                        Plaintiff,

      - against -

UNITED STATES,

                        Defendant.
——————————————————————X

MEMORANDUM
AND ORDER
15-CV-2766 (ENV)(LB)

VITALIANO, D. J.,

*Pro se* plaintiff Joseph H. Christophe commenced this action in state court against Brooklyn-Queens Veteran Medical Center ("Veteran Medical Center") and one of its employees, George J. Burns, alleging that they improperly attempted to collect money for plaintiff's medical treatment at the Veterans Medical Center after his health insurance carrier had already paid for his treatment. The action was removed to this court pursuant to 28 U.S.C. §§ 1441(a),[1] 1442(a)(1)[2] and 2679(d)(2)[3] on the ground that Burns was acting

---

[1] 28 U.S.C. § 1441(a) provides that "[e]xcept as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending."

[2] 28 U.S.C. § 1442(a)(1) provides: "[a] civil action or criminal prosecution that is commenced in a State court . . . may be removed . . . to the district court of the United States for the district and division embracing the

1

within the scope of his employment at an agency of the United States at the time of the incident out of which the claim arose. Following removal, plaintiff moved to remand. For the reasons set forth below, the United States is substituted as the defendant, pursuant to 28 U.S.C. §§ 1447(a)[4] and 2679(d)(2), and plaintiff's motion to remand is denied.

Discussion

---

place wherein it is pending" if the action is against or directed to "[t]he United States or any agency thereof or any officer (or any person acting under that officer) of the United States or of any agency thereof, in an official or individual capacity, for or relating to any act under color of such office[.]"

[3] 28 U.S.C. § 2679(d)(2) provides:

> Upon certification by the Attorney General that the defendant employee was acting within the scope of his office or employment at the time of the incident out of which the claim arose, any civil action or proceeding commenced upon such claim in a State court shall be removed without bond at any time before trial by the Attorney General to the district court of the United States for the district and division embracing the place in which the action or proceeding is pending. Such action or proceeding shall be deemed to be an action or proceeding brought against the United States under the provisions of this title and all references thereto, and the United States shall be substituted as the party defendant. This certification of the Attorney General shall conclusively establish scope of office or employment for purposes of removal.

[4] 28 U.S.C. § 1447(a) provides: In any case removed from a State court, the district court may issue all necessary orders and process to bring before it all proper parties whether served by process issued by the State court or otherwise.

2

A motion to remand a case that has been removed to federal court may be based on either a defect in the removal procedure or a defect in federal jurisdiction. *See* 28 U.S.C. § 1447(c). A district court is required to remand a case "'[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction.'" *Cuomo v. Dreamland Amusements, Inc.*, Nos. 08–CV–6321, 08–CV–7100, 2008 WL 4369270, at *2 (S.D.N.Y. Sept. 22, 2008) (quoting 28 U.S.C. § 1447(c)); *see also Mehlenbacher v. Akzo Nobel Salt, Inc.*, 216 F.3d 291, 295 (2d Cir. 2000) (considering whether case was properly removed *sua sponte* and noting that a challenge to subject matter jurisdiction cannot be waived and that where jurisdiction is lacking, dismissal is mandatory). The burden of proof to establish that removal to federal court was proper falls upon the removing party. *See Cal. Pub. Employees' Ret. Sys. v. WorldCom, Inc.*, 368 F.3d 86, 100 (2d Cir. 2004). Further, "[a]s the Second Circuit has repeatedly cautioned, '[s]ince most *pro se* plaintiffs lack familiarity with the formalities of pleading requirements, [courts] must construe *pro se* complaints liberally, applying a more flexible standard to evaluate their sufficiency than we would when reviewing a complaint submitted by counsel.'" *De Masi v. Countrywide Home Loans, Inc.*, No. 08–CV–546, 2009 WL 111598, at *1 (S.D.N.Y. Jan. 12, 2009) (quoting *Taylor v. Vt. Dep't of Educ.*, 313 F.3d 768, 776 (2d Cir.2002)).

The Court finds that the government properly removed this action under 28 U.S.C. §§ 1442(a)(1) and 2679(d)(2) by: (1) its authorized certification that Burns was acting within the scope and course of his federal employment as an employee of the United States Department of Veterans Affairs at the time over which the [incidents giving rise to the complaint] arose," ECF No. 6 at Exhibit B, Certification of Scope of Employment and Notice of Substitution of United States as a Party Defendant for George J. Burns, and (2) removing the state court action in a timely fashion, *i.e.*, "at any time before the trial." 28 U.S.C. § 2679(d)(2). While the Court is sensitive to the challenges of a *pro se* litigant, and has considered plaintiff's arguments regarding timeliness of the government's removal, plaintiff's motion papers actually support the finding that his claims were originally brought against an agency of the United States and its employee. Since the government is the real defendant in these circumstances, the United States was permitted to remove this action and did so in full compliance with the requirements of 28 U.S.C. § 2679(d)(2), regardless of the length of time it took. The motion to remand must be denied, the action against Burns must be discontinued and the United States must be substituted as the defendant. 28 U.S.C. §§ 1447(a), 28 U.S.C. 2679(d)(2).

## Conclusion

For the reasons stated above, plaintiff's motion to remand is denied. The action against defendant Burns is discontinued and the United States is substituted as the defendant.

Plaintiff's request for the appointment of pro bono counsel is denied without prejudice. He may renew the motion upon a showing that his case, among the vast number competing for this scarce resource, is so extraordinarily complex in size or scope of issues that it stands out from the rest.

The Clerk of Court is directed to substitute the United States as the sole defendant in this action. As previously ordered, an answer is to be filed on or before June 19, 2015.

So Ordered.

/S/ Judge Eric N. Vitaliano
ERIC N. VITALIANO
United States District Judge

Dated: Brooklyn, New York
June 12, 2015